E-FILED
Wednesday, 21 October, 2026 02:16:21 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| STEPHANIE RUSK,<br><br>Plaintiff,<br><br>v.<br><br>HENRY COUNTY, ILLINOIS,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 4:25-cv-04076-SLD-RLH |

ORDER

Before the Court is Defendant Henry County's ("the County") objection, ECF No. 37, to Magistrate Judge Ronald Hanna's Order & Opinion (the "Order"), ECF No. 36, granting in part Plaintiff Stephanie Rusk's motion to compel discovery, ECF No. 21. For the reasons that follow, the County's objection is OVERRULED.

**BACKGROUND**

This is the second round of briefing around an objection to an order by the Magistrate Judge on Rusk's motion to compel. A more complete background can be found in the Magistrate Judge's First Order, ECF No. 23, and this Court's May 29, 2026 Order, ECF No. 29, ruling on Rusk's objection to the First Order. In short, Rusk alleges that the County violated the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601–2654, by eliminating her employment position as a Behavioral Health Registered Nurse while she was on medical leave. *See generally* Compl., ECF No. 1. The parties dispute the reason for Rusk's termination: Rusk argues that it was discriminatory and/or retaliatory while the County maintains that it was financially motivated. *Compare id.* at 12–13, *with* Ans. 16–19, ECF No. 8. Rusk's motion to compel sought the discovery of three categories of evidence: several emails exchanged on January 13, 2025 between Stephen Martell, Naomi Stahl, and Duane Stevens (the "January 13

emails"), two documents sent on that same date from Martell to Stahl and Stevens (the "January 13 documents"), and an audio recording of a County Health Board closed session on November 5, 2025 (the "November 5 recording"). *See generally* Mot. Compel.

In his first order, the Magistrate Judge denied Rusk's motion, holding that the evidence was protected by attorney-client privilege. First Order 1. After Rusk objected under Federal Rule of Civil Procedure 72(a), the Court vacated the First Order because it did not independently address the January 13 documents, inappropriately relied on unsworn averments from the County's attorneys, and did not consider whether only a portion of the November 5 recording was privileged. *See* May 29, 2026 Order 5–9. The Court also noted that an in camera review of the evidence would be helpful to resolve the motion. *See id.* at 9–10.

The Magistrate Judge then conducted an in camera review of the evidence, *see* June 1, 2026 Text Order, ECF No. 31, before issuing a new order granting Rusk's motion to compel with respect to the January 13 emails, the January 13 documents, and specified portions of the November 5 recording. *See* Order 13. This time, the County objects. It contends that the Magistrate Judge clearly erred by ruling that the January 13 emails and January 13 documents are not protected by attorney-client privilege without considering the circumstances surrounding their production. Obj. 2. It also argues that the Order improperly recites the contents of the emails and documents in such a way that the County did not have a meaningful chance to object to the Order and thereby protect the privileged evidence. *Id.* at 3 n.2. The County does not object to the Magistrate Judge's conclusions regarding the November 5 recording or his conclusion that the attorney work-product privilege does not apply to the January 13 documents, *see* Order 6. Rusk opposes the objection, arguing that there are no surrounding circumstances in the record that would impact the analysis, and, even if there were, the Magistrate Judge expressly

ruled that they would not change his decision. Resp. Obj. 4–6, ECF No. 38. She also argues that the Order gives only a general description of the documents and does not functionally invalidate the County's objection. *Id.* at 7–8.

## DISCUSSION

### I. Legal Standard

Federal Rule of Civil Procedure 72(a) provides that a party may object to a magistrate judge's written order on a non-dispositive matter within 14 days. "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997).

### II. Analysis

The attorney-client privilege protects from disclosure all "confidential communications between a client and an attorney for the purpose of obtaining legal advice." *Denius v. Dunlap*, 209 F.3d 944, 952 (7th Cir. 2000). This privilege exists "to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). The Seventh Circuit has articulated a two-part test to determine whether the attorney-client privilege applies: "(1) whether legal advice of any kind was sought from a professional legal adviser in his capacity as such; and (2) whether the communication was related to that purpose and made in confidence by the client." *Sandra T.E. v. S. Berwyn Sch. Dist. 100*, 600 F.3d 612, 618 (7th Cir. 2010) (quotation marks and alterations omitted). Because this is a

fact-intensive inquiry, "[a]n assertion of privilege . . . must be made on a document-by-document basis." *In re Grand Jury Procs.*, 220 F.3d 568, 571 (7th Cir. 2000). In the case of inanimate entities, such as the County, that must act through agents, administering the attorney-client privilege presents special problems. *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 348 (1985). In such cases, the privilege can extend to communications between two non-attorney agents "if they reflect the lawyer's thinking or are made for the purpose of eliciting the lawyer's professional advice or other legal assistance." *Gerba v. Nat'l Hellenic Museum*, 338 F. Supp. 3d 851, 857 (N.D. Ill. 2018) (citing *United States v. Leonard-Allen*, 739 F.3d 948, 953 (7th Cir. 2013)). "[T]he party seeking to establish the privilege[] bears the burden of demonstrating that all of the requirements for invoking the attorney-client privilege have been met." *In re Grand Jury Procs.*, 220 F.3d at 571.

The Magistrate Judge held that, with respect to the January 13 emails, there is no evidence that the County's lawyer requested the information therein and no indication the emails reveal "the lawyer's legal thinking, her forward looking strategy, or anything else." Order 4–5. With respect to the January 13 documents, he similarly held that the documents "do not reveal confidential communications" or "reveal the County's lawyer's legal thinking or forward-looking strategy." *Id.* at 6. He therefore ordered the County to disclose both categories of evidence.

The County objects to the Magistrate Judge's conclusion that the January 13 emails and January 13 documents are not protected by attorney-client privilege and are, therefore, discoverable. Obj. 2. It argues that the determination of whether the attorney-client privilege protects communication between two non-attorneys is fact-intensive and depends on not only the content of the communication, but also the surrounding circumstances. *Id.* at 3 (citing May 29,

2026 Order 9–10). According to the County, the Magistrate Judge made his determination based solely on the contents of the January 13 emails and documents and did not consider the surrounding circumstances. *Id.* at 4.

The Court disagrees; the Magistrate Judge did consider the circumstances surrounding the creation of the January 13 emails and documents. The only surrounding circumstance that the County points to is the fact that the County's lawyer requested the information found therein.[1] *See* Obj. 4–6. However, the Order states: "*Even assuming that the January 13 emails discuss information requested by the County's attorney*, they do not reveal the lawyer's legal thinking, her forward looking strategy, or anything else." Order 4–5 (quotation marks and internal citations omitted) (emphasis added). And with respect to the January 13 documents, the Magistrate Judge held that they were not protected even though they "may have been solicited by or ultimately sent to the County's lawyer." *Id.* at 6 (quotation marks omitted). That is, the Magistrate Judge did not ignore the fact that the January 13 emails and documents discussed information requested by the County's attorney—he assumed that fact to be true.

The County suggests that any communication requested by counsel necessarily reveals the lawyer's legal thinking and strategy since it shows that the lawyer is concerned about the information therein. Obj. 4–6. But the privilege does not sweep so wide. The case law does not support a general rule that all communication between two non-attorney agents discussing information requested by counsel is protected. Instead, "[t]he inquiry into whether documents are subject to a privilege is a highly fact-specific one." *In re Grand Jury Procs.*, 220 F.3d at 571. In addition to the context surrounding the documents' creation, the inquiry depends on facts including: the identity of the parties to the communication, *Sandra T.E.*, 600 F.3d at 620 (noting

---

[1] Although the County objects on these grounds, it does not point to any evidence showing that the information in the January 13 emails and documents was requested by counsel. *See* Obj. 4–6.

that no third parties were present for the communication), whether the communication was marked as confidential, *id.* (finding relevant that a document was marked "Privileged and Confidential," "Attorney-Client Communication," and "Attorney Work Product"), and whether the parties to the communication knew it was for the purpose of legal advice, *Upjohn*, 449 U.S. at 394 (noting that "the employees themselves were sufficiently aware that they were being questioned in order that the corporation could obtain legal advice"). The Magistrate Judge was aware of the context of the communications, *see* Order 1–3 (describing the circumstances of the communications), and conducted an in camera review of the January 13 emails and documents to better assess whether they are privileged, *see* June 1, 2026 Text Order. His Order does not clearly ignore the surrounding circumstances—it suggests that he weighed all relevant factors and found the nature of the communications themselves to clearly establish that the January 13 emails and documents are not privileged. Nothing in the record now before the Court shows that his conclusion is clearly erroneous. And the Court has not been asked to review the January 13 emails or documents in camera, so there is no reason to question his assessment of the communications themselves.

To the extent that the County brings a standalone objection to the Order's description of the communications at issue, that argument is waived because it is advanced only in a footnote and identifies no supporting legal authority, Obj. 3 n.2. *See United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991) ("[P]erfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived . . . .").

**CONCLUSION**

Accordingly, Defendant Henry County's objection, ECF No. 37, is OVERRULED.

Entered this 21st day of October, 2026.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE